UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 0:23-cv-60966-KMW |
| | ) |
| JAZWARES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MOTION TO DISMISS COUNTS I AND II OF THE AMENDED
COMPLAINT WITH PREJUDICE AND TO STRIKE "JANE DOE"
PSEUDONYM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE
STATEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Jazwares, LLC ("Jazwares"), pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Counts I and II of the Amended Complaint filed by Plaintiff, Jane Doe. In the alternative, Jazwares, pursuant to Fed. R. Civ. P. 12(e), seeks a more definite statement. Jazwares also seeks an order striking Plaintiff's improper "Jane Doe" pseudonym.

### I.   INTRODUCTION

Plaintiff, the former Vice President of Marketing for Jazwares, alleges that she suffered discrimination on the basis of sex, race, and religion, and that she then was terminated in retaliation for having complained about it. Plaintiff's Amended Complaint alleges the following three counts under the Florida Civil Rights Act

("FCRA"): Count I (sex discrimination), Count II (race and religious discrimination), and Count III (retaliation).

Plaintiff's allegations in Counts I and II do not withstand the *Iqbal/Twombly*[1] pleading standards. Indeed, Plaintiff has premised her claims in Counts I and II on conclusory allegations that, at best, call for speculation. Moreover, Counts I and II of the Amended Complaint violate fundamental pleading standards by incorporating virtually the same preceding allegations, irrespective of whether they are even relevant to each particular claim. Consequently, this Court should dismiss Counts I and II with prejudice or, at a minimum, require Plaintiff to provide a more definite statement.

This Court also should strike Plaintiff's pseudonym and require her to litigate under her real identity. Plaintiff improperly uses the prejudicial and unauthorized "Jane Doe" pseudonym without authorization from the Court or any basis to do so. That Plaintiff disclosed her real identity four times in her original Complaint filed in this action vitiates that she has any legitimate privacy interest in remaining anonymous.[2]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[2] Plaintiff identified herself as "Ms. Dean." (Compl. ¶¶ 1, 29, 36(e).)

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that, while employed by Jazwares as Vice President of Marketing, she suffered gender discrimination and retaliation. (Am. Compl. ¶ 1.) Plaintiff also alleges that Jazwares' "top executives have a pattern of treating Jewish and non-Jewish employees and executives in an unequal manner[.]" (*Id.*)

More specifically, Plaintiff alleges that, on March 25, 2021, Plaintiff informed her direct supervisor, Laura Zebersky, of a "litany of complaints" from other female employees about purported "dismissive, disrespectful and sexist behavior of" Jeremy Padawer, Michael Rinzler, and Gerhard Runkin, *i.e.*, "three Jewish male executives." (*Id.* ¶¶ 16-22, 38.) Plaintiff alleges that multiple women on her team complained that the three men referred to them as "girls," generally missed scheduled meetings with female colleagues, refused to respond to critical e-mails from these colleagues, referred to pregnant women as lazy and unreliable, refused to nominate any woman for an industry award, and "generally walled women out of any serious role in" management. (*Id.* ¶¶ 17, 20(a)-(d), 21(a)-(b).) Plaintiff "never heard similar complaints from [other] men she worked with or [from men] who worked with Messers. Padawer, Rinzler or Runkin." (*Id.* ¶ 18.) Plaintiff alleges that the "misogynistic behavior" of Padawer, Rinzler, and Runkin "was so serious and pervasive" that one of her marketing directors quit. (*Id.* ¶ 19.)

On March 29, 2021, Zebersky commenced an investigation into Plaintiff's allegations and, through outside counsel, conducted interviews of multiple witnesses, including Plaintiff. (*Id.* ¶¶ 25, 32-34.) During her interview, Plaintiff "shared her knowledge of the men's purposeful exclusion of women from meetings and conversations critical to the ability of the marketing team to operate successfully." (*Id.* ¶ 33.) Plaintiff also stated that "the men regularly failed to show up for meetings and one-on-one appointments critical to keeping team communications intact[.]" (*Id.*) Plaintiff also alleged that Padawer's and Runkin's "rampant misuse of company resources … caus[ed] the marketing department to exceed approved spending." (*Id.* ¶ 34.)

As Jazwares' investigation continued, Padawer allegedly "began removing responsibilities from [Plaintiff's] marketing team and even more blatantly interfering with her team's operations and ability to do their work." (*Id.* ¶ 28.) Plaintiff also learned that Padawer and "someone on Mr. Runkin's team" had complained about her marketing team to Zebersky. (*Id.* ¶ 30.) Plaintiff further alleges that, in an April 22, 2021 telephone call, Padawer's "tone grew even more hostile than usual and he began rambling about" the marketing team in general and her lack of leadership. (*Id.* ¶¶ 36(a)-(c).) Padawer then allegedly told Plaintiff that she needed to "get in line[.]" (*Id.* ¶ 36(g).)

4

When Plaintiff "reported this confusing, demeaning meeting to Ms. Zebersky the following morning, Ms. Zebersky cut her off" and accused her of being "dramatic" and "a baby." (*Id.* ¶ 38.) Zebersky instructed Plaintiff to produce a plan to reorganize marketing by April 26, 2021, which Plaintiff did. (*Id.*)

On April 26, 2021, Zebersky and Jazwares' Assistant General Counsel, Lori Kean, informed Plaintiff that the Company's investigation into her allegations "revealed 'internal cultural issues' and 'personality conflict[.]'" (*Id.* ¶¶ 39, 40(a).) Zebersky and Kean informed Plaintiff that no action would be taken against the three male executives. (*Id.* ¶ 40(b).)

Worried that Zebersky was "fabricating issues for which to fire" her, Plaintiff told Zebersky that "she wanted to speak with human resources … about the apparent lack of thoroughness of the investigation, [and] how the increased and escalating threats by Mr. Padawer, Mr. Runkin, and [Zebersky] during the days and weeks following the complaint had caused [her] and her team tremendous stress, fear for their jobs, confusion and inability to succeed[.]" (*Id.* ¶¶ 41(b), 42.) Plaintiff informed Zebersky that "Padawer's and Runkin's [alleged] efforts to get rid of her were the cause of … [any] 'failures' in [her] department." (*Id.* ¶ 42.) Zebersky allegedly accused Plaintiff of being overly dramatic. (*Id.* ¶ 38.)

By e-mail on May 7, 2021, Plaintiff asked someone in Human Resources whether "the investigation would continue 'in house' and question[ed] what action

5

would be taken about the 'cultural issues.'" (*Id.* ¶ 44.)  On May 10, 2021, Zebersky terminated Plaintiff's employment based on her poor performance.  (*Id.* ¶ 46.)

### III.   STANDARDS OF REVIEW

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss, the Court must accept Plaintiff's allegations as true in determining whether she has stated a claim for which relief could be granted.  *Accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, this Court may not accept conclusory allegations as true, especially when,

as here, they are not sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Rule 12(e) of the Federal Rules of civil Procedure states that "[i]f a [complaint] is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). A motion for more definite statement will be granted where, as here, the pleading is "so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D. Fla. 1999). "The Federal Rules impose this heavy burden because the purpose of pleading is 'to give notice rather than to provide those details of the issues and evidence which would eventuate at trial.'" *Id.*

## IV. ARGUMENT

### A. This Court Should Dismiss Counts I and II with Prejudice.

In Counts I and II, Plaintiff purports to assert claims under the Florida Civil Rights Act ("FCRA"), which prohibits discrimination "against any individual with respect to with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . race, … religion, [or] sex[.]" § 760.10(1)(a), Fla. Stat. (2023). Because she has not alleged direct evidence of

7

discrimination,[3] Plaintiff, to state a *prima facie* case, must establish, among other things, that she was treated less favorably than a similarly situated person outside her protected class. *Accord Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *Sarandakos v. S Broward Hosp. Dist.*, 681 F. Supp. 2d 1338, 1347 (S.D. Fla. 2009). To be similarly situated, Plaintiff must show that the employees to whom she compares herself "are similarly situated in all relevant respects." *Holifield v. Reno,* 115 F.3d 1555, 1562 (11th Cir. 1997) (emphasis supplied). *Accord Valenzuela*, 18 So. 3d at 23. More specifically, Plaintiff must show that any so-called comparator reported to the same supervisor as she did, was subjected to the same standards governing performance evaluation and discipline as she was, and engaged in conduct similar to hers. *Accord Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *Valenzuela*, 18 So. 3d at 23; *Johnson v. Great Expressions Dental Centers of Fla., P.A.*, 132 So. 3d 1174, 1176 (Fla. 3d DCA 2014). Requiring "that the quantity and quality of the comparator's misconduct be nearly identical … prevent courts[s] from second-guessing employers' reasonable decisions." *Maniccia*, 171 F.3d at 1368.

---

[3] At best, the alleged statements and conduct by the three male executives, when taken as true solely for purposes of this Motion, suggest but do not actually evidence a discriminatory motive. "By definition, then," Plaintiff's factual allegations are premised on "circumstantial evidence." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n. 6 (11th Cir. 1987).

8

With respect to her gender discrimination claim, Plaintiff does not allege that any male Vice-President of Marketing at Jazwares, let alone one who may have reported to Zebersky, was treated more favorably than she was. Likewise, with respect to her reverse race/religious discrimination claim, Plaintiff does not allege any facts supporting that similarly situated, Jewish marketing executives at Jazwares who may have reported to Zebersky were treated more favorably than she was. Nor does Plaintiff allege any facts supporting how any would-be "comparator" was treated better than she was. Simply alleging that Jewish men were treated better than non-Jewish women at Jazwares is an improper legal conclusion that does not save Plaintiff's discrimination claims. This Court should dismiss these claims with prejudice.

**B.     Alternatively, this Court Should Order Plaintiff to Provide a More Definite Statement as to All Her Claims.**

Counts I and II, in resting on the same jumbled and commingled "factual" allegations, constitutes an improper "shotgun" pleading. Not only do Plaintiff's allegations confound Jazwares' efforts to fashion a responsive pleading, but, if allowed, would also force the Court to have to endure the impossible task of sifting through the facts presented and decide for itself which allegations apply to which claims. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability

to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-77 (11th Cir. 1996). Therefore, should the Court not dismiss Counts I and II, it should require Plaintiff to provide a more definite statement of her respective claims, supported by allegations sufficiently specific to plausibly suggest the existence of the *prima facie* elements of each claim.

  **C.** **This Court Should Strike Plaintiff's Jane Doe Pseudonym and Compel Disclosure of Her Identity.**

Federal Rule of Civil Procedure 10(a) requires "every pleading" to "name all the parties[.]" "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Therefore, before allowing a party to proceed anonymously, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* at 323 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F. 2d 707, 713 (5th Cir. 1979)). **"It is the exceptional case in which a plaintiff may proceed under a fictitious name."** *Id.* (emphasis supplied).

Notwithstanding that Plaintiff disclosed her identity four times in her original Complaint, her allegations in the Amended Complaint do not support an overriding,

10

substantial privacy right which requires anonymity. Plaintiff does not make any factual allegation to the contrary.

Jazwares will suffer irreparable prejudice if the Court allows her to remain anonymous. The Jane Doe moniker necessarily (and incorrectly) implies not only that Plaintiff's claims are legitimate, but also that her true identity must be protected because of Jazwares' alleged wrongdoing. Plaintiff should not be permitted to remain clothed by the anonymous pseudonym while, at the same time, allowed to publicly assail Jazwares' reputation, to hinder its ability to conduct legitimate and necessary discovery, and to thwart the overriding public interest in having fair and open judicial proceedings. *See also Frank*, 951 F.2d at 324 (fact plaintiff sued private entity weighed against granting request for anonymity).

In short, Plaintiff simply has not demonstrated such a compelling need for privacy as to outweigh the rights of the Jazwares and the public to open proceedings. This Court, therefore, should strike the Jane Doe pseudonym, and require Plaintiff to disclose her identity in all pleadings.[4]

---

[4] Notably, Plaintiff's alleged privacy interests in remaining anonymous do not rise anywhere near the level of those plaintiffs in civil sexual battery cases who were forced to disclose their identities in litigation. *E.g., Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996); *Doe v. Bell Atl. Business Sys. Servs., Inc.,* 162 F.R.D. 418, 422 (D. Mass. 1995).

## V.   CONCLUSION

WHEREFORE, Jazwares, LLC requests that this Court dismiss Plaintiff's claims in Counts I and II with prejudice or, in the alternative, provide a more definite statement. Jazwares also requests that the Court strike Plaintiff's pseudonym and require her to disclose her identity.

**Dated**: May 25, 2023

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone:  954.728.1280
Facsimile:  954.728.1282

By:  /s/ *Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq. (FBN 568252)
Jonathan.Beckerman@lewisbrisbois.com
Joelle C. Sharman (FBN 45070)
Joelle.Sharman@Lewisbrisbois.com
Nicole Vescova, Esq. (FBN 1041288)
E-mail: Nicole.Vescova@lewisbrisbois.com

*Counsel for Defendant Jazwares, LLC*