UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60966-WILLIAMS/AUGUSTIN-BIRCH

JANE DOE,

    Plaintiff,

v.

JAZWARES, LLC,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER PERMITTING MATERIAL TO BE DESIGNATED AS "CONFIDENTIAL — ATTORNEY'S EYES ONLY"**

This cause comes before the Court on Defendant Jazwares, LLC's Motion seeking entry of the Confidentiality Agreement and Stipulation filed at DE 29-2. DE 29. Plaintiff Jane Doe filed a Response to the Motion, and Defendant filed a Reply in support of the Motion. DE 31; DE 32. The Court held a hearing on the parties' dispute on October 20, 2023, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is **DENIED**.

As brief background, Plaintiff previously worked as a marketing executive for Defendant, a toy manufacturing company. Defendant terminated Plaintiff's employment on May 10, 2021, and Plaintiff thereafter initiated this lawsuit for sex, race, and religious discrimination and retaliation in violation of the Florida Civil Rights Act.

Defendant now seeks entry of the Confidentiality Agreement and Stipulation filed at DE 29-2. The parties have stipulated to this Confidentiality Agreement except with respect to one

issue. That issue is that the Confidentiality Agreement as currently written permits material to be marked as "Confidential — Attorney's Eyes Only," an additional confidentiality level above the agreed-upon level of "Confidential." Defendant requests this second level of confidentiality, contending that "it is likely that discoverable material will contain [Defendant's] confidential and/or proprietary information and/or trade secrets" and that "it is imperative" to maintain confidentiality "[g]iven the highly competitive nature of the toy industry." DE 29 at 1. Defendant also points out that it has sued Plaintiff in state court for violation of trade secret laws and that this second lawsuit remains pending. *Id.* Plaintiff opposes a second level of confidentiality, asserting that Defendant has not articulated a sufficient, non-conclusory reason for designating material as attorney's eyes only and has not identified material needing to be marked at such a level. DE 31.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1).

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure or discovery; [and] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

*Id.* "Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement," requiring a "district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). The party seeking protection must show good cause. *Id.*

During the October 20 hearing, Defendant stated that Plaintiff was privy to confidential and proprietary information and trade secrets as part of her job with Defendant, such that discovery in this case may very well involve that information and those secrets. The Court questioned

2

Defendant as to who it seeks to preclude from accessing the confidential and proprietary information and trade secrets through "Confidential — Attorney's Eyes Only" designations, and Defendant responded that the purpose of the designations would be so the information and secrets are not disclosed to Plaintiff herself. The Court then questioned Defendant about how confidential and proprietary information and trade secrets might be revealed through discovery that Plaintiff, as a former executive privy to Defendant's information and secrets, would not already have had access to.

In response to the Court's questioning, Defendant pointed to Plaintiff's Request for Production #22, which asks Defendant to produce material from certain executives regarding any complaints about Plaintiff's job performance. *See* DE 29-1 at 23. Defendant argued that such material may include not just information about Plaintiff's job performance, but also confidential or proprietary information or trade secrets, and that Plaintiff may not have had access to this material previously. Essentially, Defendant contends that material responsive to Request for Production #22 might address multiple topics, one of which is Plaintiff's job performance but another of which may be Defendant's confidential or proprietary information or trade secrets.

Defendant has not pointed to any material that is responsive to any discovery request and that arguably includes confidential or proprietary information or trade secrets. Defendant has not even represented to the Court that such material in fact exists. At this juncture, Defendant has not shown good cause for entry of a Confidentiality Order that provides for "Confidential — Attorney's Eyes Only" designations. At the same time, considering Plaintiff's interest in accessing the discovery material in this case, the Court finds persuasive Plaintiff's assertion that she must be

able to view and discuss with her counsel material concerning her job performance, as well as other discovery responses, to effectively litigate this case.[1]

The Court therefore denies Defendant's Motion for entry of a Confidentiality Order permitting material to be marked as "Confidential — Attorney's Eyes Only." However, should Defendant unearth material responsive to Plaintiff's discovery requests that Defendant believes contains its confidential or proprietary information or trade secrets, and should the parties be unable to reach agreement concerning the disclosure of that material after good-faith conferral, either party may contact the Court again to bring the matter before the Court for resolution. *See* DE 8 (providing the procedures for submitting a discovery dispute to the Court). The Court may handle such a dispute in an expedited manner.

For the foregoing reasons, Defendant's Motion seeking entry of the Confidentiality Agreement and Stipulation filed at DE 29-2 [DE 29] is **DENIED**. The parties may, of course, jointly move for entry of a revised Confidentiality Order that complies with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 23rd day of October, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not find persuasive Plaintiff's contention that Defendant cannot demonstrate harm from its confidential or proprietary information or trade secrets being disclosed to her because she no longer works in the toy industry and could not use the information and secrets to Defendant's detriment. Plaintiff previously worked as an executive for a toy manufacturer, and, to the Court's knowledge, nothing precludes her from accepting a job with a different toy company.